PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRENT JEFFREY HAIGHT, | ) | CASE NO. 4:26-CV-1377 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant(s). | ) | |

Federal prisoner Krent J. Haight, *pro se*, filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, against the United States of America, FCI Elkton Lieutenant Allen, and FCI Elkton Lieutenant Butler. In his complaint, Plaintiff claims two FCI Elkton Lieutenants falsely accused him of a disciplinary infraction, which resulted in his transfer to a different prison. He contends that this caused him psychological and emotional injury. He asserts claims for intentional infliction of emotional distress, battery, fraud, negligent hiring, negligent supervision, and false imprisonment under the FTCA. He seeks monetary damages and injunctive relief.

## I. Background

Plaintiff alleges that while he was incarcerated at FCI Elkton in July 2025, he was threatened with physical harm by a group of inmates. He states that, to avoid this threatened attack, he decided to "check in," meaning that he requested help from FCI Elkton staff to move him to a safe area and transfer him to another prison. ECF. No. 1 at PageID #: 2. Following

protocol, he approached a corrections officer, informed her of the threat, and told her that he wanted to "check in" due to those threats. That corrections officer referred him to the duty officer, who conducted a pat-down search before sending him to the lieutenant's office. Plaintiff contends that Lieutenant Allen and Lieutenant Butler decided that the best way to accomplish Plaintiff's goal of being moved to safer quarters was to plant a cellular telephone charger on him, conduct another pat-down search, and then charge him with a disciplinary infraction for possessing contraband. Plaintiff could then be moved to disciplinary housing where he could "refuse the yard." ECF. No. 1 at PageID #: 3. Plaintiff claims that he begged them not to falsify the real reason for his request, but the officers proceeded with the plan. Plaintiff states that he believes they took this action to avoid the investigation and paperwork associated with a threat assessment. He was found guilty of the disciplinary infraction. Ultimately, the Bureau of Prisons transferred him to FCI Ashland in Ashland, Kentucky.

Plaintiff brings this action under the FTCA. He asserts six tort claims. First, he asserts a claim for intentional infliction of emotional distress against "BOP staff," contending that their conduct was "outrageous and extreme beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community." ECF. No. 1 at PageID #: 6. Second, he asserts that BOP staff committed battery by planting a cellular telephone on him. Third, he contends BOP staff made false representations which caused him to suffer emotional injury. Fourth, he contends that the BOP was negligent in its hiring practices, but he does not elaborate on this statement. Fifth, he claims the BOP was negligent in the supervision of its staff, but again, he does not elaborate on this statement. Finally, Plaintiff asserts a claim of false imprisonment, stating that he was held in disciplinary housing under false pretenses, causing him to suffer an undisclosed injury. He seeks monetary damages.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**III. Law and Analysis**

As an initial matter, an action under the FTCA is subject to 28 U.S.C. § 2675(a)'s administrative exhaustion requirement. This provision mandates that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C.A. § 2675(a). The Sixth Circuit declared this exhaustion requirement to be a mandatory claims processing rule. *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 416-18 (6th Cir. 2024); *Kellom v. Quinn*, 86 F.4th 288, 293 (6th Cir. 2023) (quoting *Copen v. United States*, 3 F.4th 875, 880-81 (6th Cir. 2021)). The Supreme Court of the United States has also considered this statutory requirement, stating that "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Accordingly, the FTCA bars claimants from suing in federal court until they have exhausted their administrative remedies. *Id.* at 113.

Plaintiff alleges that he timely filed his Federal Tort Claim with the appropriate administrative agency "and has been told that the claim *would be* denied, thus fulfilling any prerequisite to bringing this action." ECF. No. 1 at PageID #: 6 (emphasis added). Contrary to Plaintiff's assertion, a prospective denial does not fulfill the filing prerequisite. Pursuant to the FTCA, Plaintiff must submit his administrative claim to the appropriate agency and receive a response to this claim prior to pursuing the action in federal court. Plaintiff did neither of these

things. He filed this action on June 16, 2026. He also filed his administrative claim on June 16, 2026. ECF. No. 5-1 at PageID #: 28. He did not receive the denial of his administrative claim until July 15, 2026, a month after he had filed this action. ECF. No. 5-1 at PageID #: 28.

This case was filed prematurely. Exhausting administrative remedies during the pendency of this case will not cure the defect. *Bray*, 97 F.4th at 417–18. This case must be dismissed for failure to exhaust administrative remedies. *Id.*

Moreover, claims of assault, battery, false imprisonment, misrepresentation, or deceit are specifically excluded from recovery under the FTCA. 28 U.S.C.A. § 2680(h) Plaintiff's claims for battery, fraud, and false imprisonment cannot proceed under the FTCA.

Finally, Plaintiff cannot recover under the FTCA because he did not suffer a physical injury. The FTCA also provides that "[n]o person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury ...." 28 U.S.C. § 1346(b)(2) (emphasis added); *see also* Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury...."). This express statutory limitation on the scope of FTCA liability prevents a plaintiff from pursuing relief under the FTCA absent a showing of physical injuries that were incurred while in custody. 28 U.S.C.A. § 1346(a)(2). While a physical injury need not be significant, it must be more than *de minimis* to proceed under the FTCA. *Jarriett v. Wilson*, 414 F.3d 634 (6th Cir. 2005). Plaintiff alleges only psychological and emotional injury. That is not sufficient to meet the statutory requirements of the FTCA.

## V. Conclusion

Accordingly, this case is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

September 4, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge